Stefan Knirr
Ursula Day
Law firm of Ursula Day
708 Third Avenue
Suite 1501
New York, New York, 10017
Phone: (212) 904 1815
Fax: (212) 244 2233
Email: patentlaw@ursuladay.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRRIEL SEZANAYEV; an individual; PRESTIGE ROYAL LIQUORS, CORP., a New York Corporation,<br><br>Plaintiffs<br><br>v.<br><br>ELLIOTT GILLESPIE, an individual; ROCKWOOD SPIRITS INTERNATIONAL, a Canadian corporation<br><br>Defendants | Case No.    16-cv-4169<br><br>ECF CASE<br><br>**JURY TRIAL DEMAND**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, COMMON LAW TRADEDRESS INFRINGEMENT AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |

Plaintiffs Prestige Royal Liquors, Inc. (hereinafter "PRL") and Gabriel Sezanayev (hereinafter "SEZANAYEV") complain and allege as follows against Defendants ELLIOTT GILLESPIE (hereinafter "GILLESPIE") and ROCKWOOD SPIRITS INTERNATIONAL (hereinafter "RSI") (hereinafter collectively referred to as "Defendants"):

## THE NATURE OF THE ACTION

1.      This is an action for design patent infringement and common law trade dress infringement, arising out of Defendants' marketing and sale of a gold-bar shaped bottle in the United States, including the State of New York and for declaratory judgment of design patent non-infringing arising out of PRL's marketing and sale of its products.

## THE PARTIES

2.      SEZANAYEV is an individual residing at 122 Yale Street, Roslyn, NY 11577.

3.      PRL is a New York corporation having its principal place of business at (I understand there

is now a NYC address).

4.      On information and belief, RSI is a Canadian corporation.

5.      On information and belief, GILLESPIE is an individual residing in Canada.

## JURISDICTION

6.      This action arises under the Declaratory Judgment Act 28 U.S.C. §2201,  the patent laws of the United States, 35 U.S.C. Sections 101 et seq., and the Lanham Act, 15 U.S.C. §1121.

7.      This Court has subject matter jurisdiction under 28 U.S.C. § l338(a) (any Act of Congress relating to patents or trademarks).

8.      This Court has personal jurisdiction over Defendants because Defendants have committed infringement in violation of 35 U.S.C. § 271 in the County of New York and State of New York and have transacted business in the County of New York and State of New York and the present action arises from these acts of Defendants.

## VENUE

9.      On information and belief, defendant RSI, through its officers, agents and/or employees, transacts or is doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

10.      On information and belief, defendant GILLESPIE, through his own actions or his agents, transacts or is doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

11.      Venue is proper within this District under 28 U.S.C. §§ l39l(b) and (c) because PRL's principal place of business is in this district and PRL suffered harm in this district. Moreover RSI resides in this District under the definition of 28 U.S.C. §§ l39l(b) because this District has personal jurisdiction over RSI.

## BACKGROUND

12.      Plaintiff SEZANAYEV, a New York State resident, owns PRL a corporation with its

principle place of business  also located in New York State. Inspired by his family's gold refinery, where gold is cast into gold bars, SEZANAYEV had the idea to create a gold-bar-shaped bottle for alcoholic and non-alcoholic beverages.

13.     At or around the end of January 2015, SEZANAYEV had design drawings prepared for such a bottle by bottle manufacturer Salboro Bottle Inc. of Ontario, Canada under SEZANAYEV's directions.

14.      Based on these drawings, SEZANAYEV had logos for the bottle designed by Kaykov Media, a design company located in New York.

15.     On March 11, 2015, SEZANAYEV filed a U.S. design patent application Serial No 29/520,145 with the USPTO (hereinafter "Original Patent Application"). The Figures included in the Original Patent Application were essentially line drawings of the designs prepared by Salboro Bottle Inc.

16.     On June 3, 2015, SEZANAYEV filed a continuation-in-part U.S. design application Serial No. 29/529,059 based on the Original Patent Application.

17.     The Original Patent Application issued as U.S. Patent No. D754,545 on April 26, 2016 to SEZANAYEV (hereinafter "the '545 patent")

18.     The continuation-in-part application issued as U.S. Patent No. D750,498 on March 1, 2016 to SEZANAYEV (hereinafter "the '498 patent").

19.     SEZANAYEV then looked for a glass manufacturer for his bottle design. Since Salboro was only capable of manufacturing plastic bottles, SEZANAYEV researched other bottle manufacturers and found FUSION GLASSWORKS, LLC (hereinafter "FUSION") of Florida. Michael Ferchak (hereinafter FERCHAK) of FUSION introduced SEZANAYEV to the glass manufacturer Rockwood and Hines located in Chengdu, China.

20.     In June 2015, SEZANAYEV and FERCHAK visited Rockwood and Hines. At no point during this travel to China did SEZANAYEV see any other gold bar shaped bottle nor was SEZANAYEV told in any way of the existence of any other gold bar shaped bottle. After confirming Rockwood and Hine's production capabilities SEZANAYEV placed an initial order of his bottle design as shown in  the '498 patent and the '545 patent with Rockwood and Hines.

21.     In November 2015 SEZANAYEV had Vodka imported from Holland and RPL sold the imported Vodka in the bottles having the designs disclosed in the '498 patent and the '545 patent to wholesalers and resellers in New York and advertised the bottles on his website www.3kilos.com and various social media outlets including Instagram and Facebook.

22.     SEZANAYEV's distinct and unique bottle was very successful and received recognition from several brokers, promoters and brand ambassadors.

23.     On March 21, 2016, PRL displayed its bottles at a trade show in New York City.

24.    This trade show was also attended by GILLESPIE who displayed a bottle that was very similar in design to SEZANAYEV's bottle in a booth directly adjacent PRL's booth.

25.    This was the first time SEZANAYEV or PRL saw Defendants' bottle. SEZANAYEV then sent a cease and desist letter to Defendants to request that Defendants cease infringing SEZANAYEV's bottle design, the '498 patent and the '545 patent. The cease and desist letter also encouraged GILLESPIE to engage in negotiations for obtaining a license from SEZANAYEV to practice SEZANAYEV's original designs.

26.    GILLESPIE has alleged infringement of GILLESPIE's design patent D643,298 (hereinafter the '298 patent) by SEZANAYEV/PRL even though SEZANAYEV/PRL's bottle does not embody the '298 patent

## COUNT I
## DECLARATION OF NON-INFRINGEMENT UF U.S. PATENT D643,298

27.    An actual and justiciable controversy requiring declaratory relief exists between SEZANAYEV/PRL and GILLESPIE/RSI regarding infringement of the '298 patent, a copy of which is annexed hereto as Exhibit A.

28.    SEZANAYEV/PRL has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '298 patent, either literally or under the doctrine of equivalents.

29.    SEZANAYEV/PRL hereby seeks a declaration that it does not infringe the '298 patent.

## COUNT II
## PATENT INFRINGEMENT OF U.S. Patent No. D750,498

30.    SEZANAYEV is the owner of all right, title and interest in and to the '498 patent, a copy of which is attached hereto as Exhibit B. The '498 patent discloses, inter alia, a bottle with a distinctive shape and configuration.

31.    PRL is the exclusive licensee of the '498 patent.

32.    Defendants have infringed the '498 patent, in this district and elsewhere, by making, using and selling and inducing others to use and sell bottles embodying the patented design and which is within the scope of the claim of the '498 patent.  A true photograph of Defendants' bottle, showing the infringing design is annexed hereto as Exhibit C.

33.    Defendants' product shown in Exhibit C infringes the '498 patent by having the same or substantially similar ornamental design as disclosed in the '498 patent.

4

34.     On information and belief, Defendants' infringement has been with notice and knowledge of the '498 patent, is willful and wanton and continues even after notice of such infringement.

35.     An ordinary observer with an understanding of the relevant prior art in bottle design, would be deceived into believing that Defendants' bottles are the same as the patented design of the '498 patent.

36.     Defendants have infringed and continue to infringe the '498 patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, gold-bar shaped bottles.

37.     By reason of the infringement by Defendants, Plaintiffs have suffered damages in an amount to be ascertained upon an accounting.

38.     By reason of the infringement by Defendants, Plaintiffs have suffered irreparable harm for which there is no adequate remedy at law and will continue to suffer irreparable harm unless Defendants are permanently and perpetually enjoined from continuing their infringement.

## COUNT III
## PATENT INFRINGEMENT OF U.S. Patent No. D754,545

39.     SEZANAYEV is the owner of all right, title and interest in and to the '545 patent, a copy of which is attached hereto as Exhibit D. The '545 patent discloses, inter alia, a bottle with a distinctive shape and configuration.

40.     PRL is the exclusive licensee of the '545 patent.

41.     Defendants have infringed the '545 patent, in this district and elsewhere, by making, using and selling and inducing others to use and sell bottles embodying the patented design and which is within the scope of the claim of the '545 patent.  A true photograph of Defendants' bottle, showing the infringing design is annexed hereto as Exhibit C.

42.     Defendants' product shown in Exhibit C infringes the '545 patent by having the same or substantially similar ornamental design as disclosed in the '545 patent.

43.     On information and belief, Defendants' infringement has been with notice and knowledge of the '545 patent, is willful and wanton and continues even after notice of such infringement.

44.     An ordinary observer with an understanding of the relevant prior art in bottle design, would be deceived into believing that Defendants' bottles are the same as the patented design of the '545 patent.

45.     Defendants have infringed and continue to infringe the '545 patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, gold-bar shaped bottles.

46.     By reason of the infringement by Defendants, Plaintiffs have suffered damages in an amount to be ascertained upon an accounting.

47.     By reason of the infringement by Defendants, Plaintiffs have suffered irreparable harm for which there is no adequate remedy at law and will continue to suffer irreparable harm unless Defendants are permanently and perpetually enjoined from continuing their infringement.

## COUNT IV
## INFRINGEMENT OF SEZANAYEV/PRL COMMONLAW TRADEDRESS

48.     This count arises under the trademark laws of the United States, Section 43(a) of the Trademark Act, 15 U.S.C. 1125(a).

49.     The following non-functional elements of the SEZANAYEV/PRL bottle design for alcoholic beverages comprise the product Trade Dress at issue (herein after the SEZANAYEV Trade Dress):

-A bottle with a cap that is substantially similar to a rectangular frustum 3-dimensional shape of a gold bar.

-The height of the cap is about 1/4 of the height of the bottle.

-On the smaller rectangular surface are raised markings.

-The entire bottle and the cap are gold colored.

50.     This original and distinctive SEZANAYEV Tradedress was used in U.S. commerce at least as early as November 2015.

51.     SEZANAYEV/PRL has expended a great amount of time, effort and large sums of money promoting and advertising the gold bar bottle and the alcoholic beverages contained therein, making the SEZANAYEV Tradedress well known to the trade, to the purchasers and potential purchasers, and to the consuming public to be associated with SEZANAYEV/PRL and in establishing in connection therewith, a reputation for quality of the Plaintiff's products.

52.     As a result of the high quality of the gold bar bottle and as a result of the advertising, promotion and sale of the gold bar bottle and the alcoholic beverages contained therein, the public has come to view the gold bar bottle and the alcoholic beverages contained therein, and SEZANAYEV Tradedress exclusively as that of SEZANAYEV and said SEZANAYEV Tradedress has acquired secondary meaning and symbolizes the goodwill created by the sale and distribution of the gold bar bottle and the alcoholic beverages contained therein, of the highest and dependable quality.

6

53.     On information and belief, GILLESPIE/RSI has been marketing and offering for sale alcoholic beverage in Defendants' bottles having a size and configuration confusingly similar to SEZANAYEV/PRL Tradedress and having colors confusingly similar to the offered by Plaintiffs.

55.     As the side-by-side comparisons shown below reveal, the GILLESPIE/RSI product is confusingly similar to the SEZANAYEV/PRL Trade Dress:

SEZANAYEV/PRL                              GILLESPIE/RSI

                       

SEZANAYEV/PRL                              GILLESPIE/RSI

                       

55.     GILLESPIE/RSI's product embodies the SEZANAYEV/PRL Trade Dress identified above, including:

- A bottle with a cap that is substantially similar to a rectangular frustum 3-dimensional shape of a gold bar.
- The height of the cap is about 1/4 of the height of the bottle.
- On the smaller rectangular surface are raised markings.
- The entire bottle and the cap are gold colored.

56.     The SEZANAYEV Trade Dress is non-functional and is inherently distinctive and/or has acquired distinctiveness through the development of secondary meaning.

57.     There is also a likelihood of confusion between the SEZANAYEV Trade Dress and GILLESPIE/RSI's products are very similar to each other and compete in the same alcoholic beverage market.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs pray for relief, as follows:**

A.      A declaration that SEZANAYEV/PRL do not infringe either directly jointly, contributorily, or by inducement any valid and enforceable claim of the '298 patent, either literally or under the doctrines of equivalents.

B.      Finding the '545 patent and the '498 patent are valid and infringed by each Defendant;

C.      An Order and judgment preliminarily and permanently enjoining Defendants and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the '545 patent, the '498 patent and the SEZANAYEV/PRL Trade Dress.

D.      Ordering an accounting of each Defendant's profits and Plaintiffs' damages sustained as a consequence of patent infringement and trade dress infringement and increasing the damages awarded to Plaintiffs to three times the amount found by reason of Defendants' willful continuing patent infringement as provided for in 35 U.S.C. Section 284, together with prejudgment interest.

E.      A judgment awarding Plaintiffs all damages adequate to compensate for Defendants' infringement of the '545 patent and the '498 patent, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

F.      Alternatively, a judgment awarding Plaintiffs all damages adequate to compensate for Defendants' infringement of the '545 patent and the '498 patent, as set forth in 35 U.S.C. 289 for Defendants to be liable to the Plaintiffs for their total profit.

G.      Requiring each Defendant to deliver up to be impounded during the pendency of this action, all infringing copies of the infringing bottles in their possession or under their control, and to withdraw all materials, including advertising and promotional materials, including those published on the Internet, cartons and containers and, thereafter, to deliver up for destruction all such copies as well as molds and other material for making such design;

H.      An Order preliminarily and permanently enjoining Defendants and its officers, directors,

agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the SEZANAYEV/ PRL trade Dress.

I.     Actual damages suffered by Plaintiffs as a result of Defendants' unlawful conduct, including costs, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

J.     Declaring this case exceptional by reason of each Defendants' willful infringement and awarding Plaintiffs their attorney's fees incurred in prosecuting this action as provided for in 35 U.S.C. Section 285.

K.     Reasonable funds for future corrective advertising;

L.     Restitutionary relief against Defendants and in favor of Plaintiffs, including disgorgement of wrongfully obtained profits and any other appropriate relief;

M.     Costs of suit and reasonable attorneys' fees; and

N.     Any other remedy to which Plaintiffs may be entitled under federal law, state law, or common law.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded as to all issues in this action so triable.

Dated: June 3, 2016
New York, New York

_____
Stefan Knirr
Ursula Day
Law firm of Ursula Day
708 Third Avenue
Suite 1501
New York, New York, 10017
Phone: (212) 904 1815
Fax: (212) 244 2233
Email: patentlaw@ursuladay.net